UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| JIM R. HARRIS, | ) |
| | ) |
| Movant, | ) |
| | ) |
| v. | ) No. 1:13-CV-66 (CEJ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM**

This matter is before the Court on the second amended motion of Jim R. Harris to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255. The United States has filed a response in opposition. Also before the Court is Harris's motion to amend the motion to vacate by asserting additional claims.

**I. Background**

On December 9, 2011, Harris pled guilty to interfering with commerce by threat or violence, in violation of 18 U.S.C. § 1951 (Count I); possessing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c) (Count II); and possessing ammunition as a convicted felon, in violation of 18 U.S.C. § 922(g) (Count III). He was sentenced on February 21, 2012 to a 300-month term of imprisonment, consisting of concurrent terms of 180 months for each of Counts I and III and a consecutive 120 months for Count II. The judgment and sentence were affirmed on appeal. United States v. Harris, 499 Fed. Appx. 631 (8th Cir. March 4, 2013).

## II. Discussion

In his motion to vacate, Harris asserts the following grounds for relief: (1) breach of and failure to disclose plea agreement; (2) improper designation as an armed career criminal; ineffective assistance of trial counsel; and (4) insufficiency of the indictment and deficient evidence. In the motion to amend, Harris asserts seeks leave to assert the following additional grounds for relief: (5) ineffective assistance of counsel on appeal; (6) involuntariness of guilty plea; and (7) entrapment and coercion.

The motion to amend is premised on Harris's assumption that the additional claims are untimely. A one-year period of limitation applies to motions for relief under § 2255. 28 U.S.C. § 2255(f). The one-year period begins to run---as relevant here---from the date on which the judgment of conviction became final. 28 U.S.C. § 2255(f)(1). Harris's conviction became "final" ninety days after the court of appeals decided his direct appeal. See <u>United States v. Sanchez-Gonzalez</u>, 643 F.3d 626, 629 (8th Cir. 2011) (criminal defendant's conviction does not become final for purposes of § 2255 motion until ninety days after appellate court issues ruling on direct appeal) [<u>citing</u> <u>United States v. Hernandez</u>, 436 F.3d 851, 856 (8th Cir. 2006)]. The Eighth Circuit issued its decision in Harris's case on March 4, 2013. Harris's conviction did not become final until ninety days later, or June 2, 2013. Because both the original motion and the motion to amend were filed before June 2, 2014, Harris does not need leave of court to assert the additional claims. Therefore, the Court will consider and address the additional claims.

**Ground One**

2

In his first ground for relief, Harris claims that the plea agreement was not disclosed to him and that he entered a guilty plea "without complete understanding of the impact of the P.S.I. [pre-sentencing report]." He also claims that the plea agreement was initially accepted by the court but was later rejected.

On December 9, 2011, Harris appeared before a district judge and gave the following answers under oath:

> **Q: [Judge] Now the lawyers have given me a written Plea Agreement that consists of 18 pages, and I see that you and both lawyers have signed it on page 18, is that right?**
>
> **A: [Harris] Yes, sir.**
>
> **Q: Have you read the agreement?**
>
> **A: Yes.**
>
> **Q: Have you gone over it in detail with your lawyer?**
>
> **A: Yes.**
>
> **Q: And has he explained the contents of the agreement in detail to you?**
>
> **A: Yes, he has.**
>
> **Q: Do you understand the contents of the agreement?**
>
> **A: Yes, I do.**
>
> **Q: Is there anything in here that you do not understand?**
>
> **A: No.**

United States v. Jim R. Harris, Case No. 1:10-CR-72-CEJ, plea transcript, pp. 9-10 [Doc. # 198].

Even though Harris stated that he had read the plea agreement and discussed it with his lawyer, the judge proceeded to review with him the salient provisions of the agreement (*i.e.*, the recommended imprisonment term, appeal waiver,

3

statutory penalties). Id. at pp. 10-20. Thus the transcript of the change of plea hearing amply demonstrates that Harris was aware of the terms of the plea agreement before he pled guilty.

In the plea agreement, the parties agreed to specific terms of imprisonment for each of the three counts.1 See, Fed. R. Crim. P. 11(c)(1)(C). At the hearing, the district judge explained to Harris: "Now, do you understand, too, that if - - whenever I or Judge Jackson accepts the Plea Agreement then you won't be allowed to withdraw your plea . . ." Plea Tr. at p. 10. Harris responded that he understood. After determining that Harris was competent to plead guilty, that he was doing so voluntarily and intelligently, and that there was a factual basis for the plea, the district judge stated, "I find you guilty on those three charges." Id. at p. 24. Thus, the transcript also belies Harris's claim that the plea agreement was accepted by the judge and thereby became binding on the Court. See Blackledge v. Allison, 431 U.S. 63, 74 (1977) (statements made under oath in open court "carry a strong presumption of verity."); United States v. Harvey, 147 Fed. Appx. 627, 2005 WL 2923572 (8th Cir. 2005).

Harris's claim that he pled guilty without understanding "the impact of" the presentencing report is equally without merit. There was no presentencing report at the time Harris pled guilty. Thus, it would have been impossible for him to be advised of the report's content or its impact.

**Ground Two**

---

[1] Ultimately, the plea agreement was rejected. Although Harris was given the opportunity to withdraw his guilty plea, he chose not to do so.
.

4

After determining that Harris had three prior felony convictions for crimes of violence, the Court sentenced him under the Armed Career Criminal Act, 18 U.S.C. § 924(e). On direct appeal, Harris argued that his prior conviction in Illinois for aggravated possession of a stolen motor vehicle was not a violent felony. Relying on Sykes v. United States, 564 U.S. 1 (2011), and United States v. Bartel, 698 F. 3d 658, 662 (8th Cir. 2012), a case involving a "nearly identical" Minnesota statute, the Eighth Circuit rejected Harris's argument. Harris, 499 Fed. Appx. at 632. Because this claim was presented and decided on direct appeal, Harris cannot relitigate it in a proceeding under § 2255. Bear Stops v. United States, 339 F.3d 777, 780 (8th Cir. 2003); United States v. Holtzen, 718 F2d 876, 878 (8th Cir. 1983).

**Ground Three**

In Ground Three, Harris asserts a claim of ineffective assistance of counsel. To prevail on an ineffective assistance claim, a movant must show that his attorney's performance fell below an objective standard of reasonableness and that he was prejudiced thereby. *Strickland v. Washington*, *466 U.S. 668, 688 (1984)*. With respect to the first Strickland prong, there is a strong presumption that counsel's conduct falls within the wide range of professionally reasonable assistance. *Id. at 689*. In *Strickland*, the Court described the standard for determining an ineffective assistance claim:

> [A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct. A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were

5

> outside the wide range of professionally competent assistance. In making that determination, the court should keep in mind that counsel's function, as elaborated in prevailing professional norms, is to make the adversarial testing process work in the particular case. At the same time, the court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.

*Strickland*, 466 U.S. at 690.

To establish the "prejudice" prong, the movant must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id. at 694*. The failure to show prejudice is dispositive, and a court need not address the reasonableness of counsel's performance in the absence of prejudice. *United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996)*.

Harris first contends that his attorney failed to file a notice of appeal. Clearly he is incorrect, for as noted above, the Eighth Circuit affirmed Harris's conviction and sentence.

Harris next asserts that defense counsel was ineffective by not challenging the existence of probable cause for his arrest. The testimony presented at the suppression hearing established that the police arrested Harris without a warrant after receiving credible reports that he had committed a vicious assault on a pregnant woman. Although defense counsel did not argue that there was no probable cause for the arrest, Harris makes no showing that such an argument would have been successful. As such, he has not demonstrated prejudice.

**Ground Four**

Harris appears to contend in Ground Four that the statutes under which he was charged are unconstitutional. He offers no elaboration on this claim, and the Court will not speculate about which provisions of the Constitution he believes are violated. It is noted, however, that on direct appeal Harris asserted that 18 U.S.C. § 922(g)(1) violates the Second Amendment. <u>Harris</u>, 499 Fed. Appx. at 632. That claim was rejected by the court of appeals, and cannot be relitigated here.

Harris also contends that the government lacked sufficient, credible, admissible evidence to support the charges. By pleading guilty, Harris relieved the government of its burden of proving his guilt beyond a reasonable doubt. This argument has no merit.

**<u>Ground Five</u>**

In Ground Five, Harris claims that his attorney failed to file a proper brief under <u>Anders v. California</u>, 386 U.S. 738 (1967), which resulted in a denial of effective assistance of counsel on appeal. He does not, however, provide any factual or legal support for this claim. Moreover, the court of appeals gave full consideration to the arguments made in Harris's brief and identified no deficiencies in it.

**<u>Ground Six</u>**

Harris alleges that he had an agreement with state prosecutors that the state charges against him would be dropped "if [Harris] received a large amount of time" on the federal charges. He further alleges that the state reneged on this agreement after he was sentenced by this Court. He asserts that he would not have pled guilty if he had known that the state charges would not be dismissed.

The plea agreement that Harris executed contains no mention of pending state charges or of any agreement between Harris and state prosecutors. During

7

the change of plea hearing, Harris was asked, "Now, have any promises been made by anyone to get you to plead guilty other than the promises that are set out in the agreement?" His response was, "No." Plea Tr. at p. 10. This testimony is entitled to a presumption of verity which Harris has not overcome. See Voytik v. United States, 778 F.2d 1306, 1308 (8th Cir. 1985). The failure of the state to live up to its promise does not render Harris's guilty plea involuntary nor does it establish ineffective assistance of counsel.

**Ground Seven**

Harris's final claim is that the police entrapped him and coerced him into making a statement. Harris does not present any facts to support his allegation of entrapment. Further, entrapment is a defense that Harris waived by pleading guilty. See Peoples v. United States, 412 F.2d 5, 7 (8th Cir. 1969) (movant's entrapment claim in § 2255 motion was a defense to be asserted at trial and was waived by guilty plea).

As to his allegation of coercion, Harris presented this issue in a motion to suppress statements. After a hearing, the motion was denied. The motion to vacate contains no new allegations that would warrant reconsidering the suppression issue.

### III. Conclusion

For the reasons discussed above, the Court concludes that motions and the files and records of this case conclusively show that Harris is not entitled to relief under 28 U.S.C. § 2255 based on any of the claims he asserts his motion and amended motion to vacate. Therefore, the motions will be denied without a hearing. See Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995). Additionally, the Court finds that Harris has not made a substantial showing of the

denial of a constitutional right. Therefore, the court will not issue a certificate of appealability. *See* 28 U.S.C. § 2253.

An appropriate Order will accompany this Memorandum.

_____
CAROL E JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 31st day of August, 2016.

9